IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL G. UPSHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-2534-JDT-tmp |
| | ) | |
| BRENDA JONES, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE
AND GRANTING LEAVE TO AMEND

On July 11, 2014, Plaintiff Michael G. Upshaw, an inmate in the custody of the Tennessee Department of Correction ("TDOC") at the West Tennessee State Penitentiary in Henning, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) In an order issued July 14, 2014, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as former WTSP Warden Brenda Jones, Sergeant Dustin Chumbly, and Lieutenant Matthew Hayles. Each Defendant is sued in his or her individual and official capacities. (ECF No. 1 at 1.)

The factual allegations of the complaint are as follows:

On 12/19/13 Ofc./Lt. Matthew Hayles seized Plaintiff of his liberty without probably cause or due process of law. The Plaintiff was placed in solitary

confinement against his will for a lengthy amount of time. Lt. Matthew Hayles refused to properly investigate crime before he charged Plaintiff with misconduct.

The Plaintiff informed disciplinary chair person Sgt. Dustin Chumbly that the day of this crime and time, he was in the kitchen and the inmates that was involve, gave statements under oath stating Plaintiff did not participate in incident #01064484.

Sgt. Chumbly convicted the inmate in callous of Plaintiff's rights.

Wareden Brenda Jones knows of my claim stating my rights being violated, but the Warden is acting with deliberate indifference towards Plaintiff's constitutional rights.

(*Id.* at 4-5.) Plaintiff seeks compensatory and punitive damages. (*Id.* at 6.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v.*

*Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Id.* (citing *Neitzke*, 490 U.S. at 328-29).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness.

*Id.* at 471 (citations and internal quotation marks omitted).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383

(quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

To state a claim under 42 U.S.C. § 1983,[1] a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Defendants are employed by the TDOC. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citation omitted). Any claims against Defendants in their official capacities is asserted against the State of Tennessee.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Employees of Dep't of Pub. Health & Welfare v. Mo. Dep't of Pub. Health & Welfare*, 411 U.S. 279, 280 (1973);

---

[1] Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

*see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). By its terms, the Eleventh Amendment bars all suits, regardless of the relief sought. *Pennhurst*, 465 U.S. at 100-01. Tennessee has not waived its sovereign immunity. Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will*, 491 U.S. at 71. Therefore, the Court DISMISSES Plaintiff's claims against Defendants in their official capacities pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2).

The allegations of Plaintiff's complaint are too vague to plausibly suggest an entitlement to relief. The complaint does not identify the nature of the disciplinary offense that Plaintiff was convicted of violating and does not state the punishment that was imposed, including any loss of good time credit. The length of time Plaintiff spent in segregation is not specified. The complaint also does not describe any action taken by Defendant Jones or state what role she had, if any, in Plaintiff's disciplinary conviction.

Defendant Jones cannot be held liable as a supervisor. Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead

6

that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official who is aware of the unconstitutional conduct of her subordinates, but fails to act, generally cannot be held liable in her individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996). A failure to take corrective action in response to an inmate grievance or complaint does not supply the necessary personal involvement for § 1983 liability. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not."). The allegation that Jones is aware of Plaintiff's allegations but failed to take action is insufficient to establish liability under 42 U.S.C. § 1983.

The allegation that Defendant Hayles seized Plaintiff without probable cause or due process appears to mean that he charged Plaintiff with an unspecified disciplinary offense and assigned him to segregation pending a hearing on that charge. An inmate ordinarily

7

cannot sue for the issuance of a false disciplinary charge where there is a fair hearing on that charge. *Jackson v. Madery*, 158 F. App'x 656, 662-63 (6th Cir. 2005) ("False accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are adjudicated in a fair hearing. . . . Jackson was provided due process hearings for the misconduct charges; as such, his due process rights were not violated and he may not maintain a § 1983 claim for the allegedly false misconduct reports." (citations omitted)); *see also McMillan v. Fielding*, 136 F. App'x 818, 820 (6th Cir. 2005) ("McMillan's complaint with regard to the false charges fails to state a Fourteenth Amendment claim. . . . Even if McMillan had a liberty interest in remaining free from lock up, loss of package privileges, and a fine, his due process right was fulfilled by his disciplinary hearing."); *Cromer v. Dominguez*, 103 F. App'x 570, 573 (6th Cir. 2004) ("False accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are subsequently adjudicated in a fair hearing."); *Person v. Campbell*, No. 98-5638, 1999 WL 454819, at *1 (6th Cir. June 21, 1999) ("[T]he filing of false disciplinary charges against an inmate does not constitution a constitutional violation redressable under § 1983."); *Jones v. McKinney*, No. 97-6424, 1998 WL 940242, at *1 (6th Cir. Dec. 23, 1998) ("McKinney did not violate Jones's constitutional rights, even if the disciplinary report was false, because a prisoner has no constitutionally protected immunity from being wrongly accused."); *Mujihad v. Harrison*, No. 97-6366, 1998 WL 940243, at *2 (6th Cir. Dec. 23, 1998) ("[T]he filing of false disciplinary charges against an inmate does not constitute a constitutional violation redressable pursuant to § 1983."). Here,

Plaintiff makes no complaint about the procedures employed during his disciplinary hearing. His only complaint is that he was convicted despite substantial evidence of his innocence. Those allegations do not suffice to resurrect Plaintiff's claim against Hayles.

Plaintiff also has no claim against Hayles for failing to make a sufficient investigation before issuing the write-up. Even in the criminal context, there is no constitutional right to an official investigation of alleged misconduct. *See, e.g., Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005) ("[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations."); *Mitchell v. McNeil*, 487 F.3d 374 (6th Cir. 2007) (dismissing due process claim based on failure to investigate); *Smith v. Jackson*, No. 93-3052, 1993 WL 241816 (6th Cir. July 2, 1993) (affirming dismissal of claim that police and social worker failed to investigate alleged sexual abuse of child); *Parkhurst v. Tabor*, Civ. No. 07-2068, 2007 WL 3227205 (W.D. Ark. Oct. 30, 2007); *Joy v. City of Dayton*, No. C-3-90-132, 1991 WL 1092505, at *8 (S.D. Ohio June 28, 1991) ("One does not have a constitutional right to have a police investigation conducted in a particular manner, or to have one conducted at all."); *Doe v. Mayor & City Council of Pokomoke City*, 745 F. Supp. 1137, 1139 (D. Md. 1990); *Crawford v. Lane*, No. 85 C 10510, 1988 WL 23799, at *1 (N.D. Ill. Mar. 9, 1988) ("Inadequate investigation of an incident by government officials does not give rise to a cause of action for denial of civil rights."); *Sellner v. Panagoulis*, 565 F. Supp. 238, 252 (D. Md. 1982), *aff'd mem.*, 796 F.2d 474 (4th Cir. 1986).

This conclusion is not altered by the fact that Plaintiff was assigned to segregation pending a disciplinary hearing. An inmate's right to due process arises only if a restriction implicates a constitutionally protected liberty interest. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). In general, an inmate does not have a liberty interest in a particular security classification or in freedom from administrative segregation. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Montanye v. Haymes*, 427 U.S. 236, 243 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Newell v. Brown*, 981 F.2d 880, 883 (6th Cir. 1992); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986). The complaint does not allege that the conditions experienced by Plaintiff in segregation imposed an atypical and significant hardship sufficient to violate due process. *See Sandin v. Conner*, 515 U.S. 472, 484, 486 (1995). Courts have rejected due process claims arising from confinement to segregation for far longer than that experienced by Plaintiff. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 576-77 (6th Cir. 2005) (designation as member of a Security Threat Group and permanent restrictions imposed as a result of that designation not an atypical and significant hardship in relation to the ordinary incidents of prison life); *Sarmiento v. Hemingway*, 93 F. App'x 65, 66 (6th Cir. 2004) ("Generally, unless placement in disciplinary confinement is accompanied by a withdrawal of good time credits or is for a significant period of time that presents an unusual hardship on the inmate, no interest to remain free of disciplinary confinement will be found in the case."); *Williams v. Wilkinson*, 51 F. App'x 553, 556-57 (6th Cir. 2002); *see also Jones v. Baker*, 155 F.3d 810 (6th Cir. 1998)

(administrative segregation); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997); *Bruggeman v. Paxton*, No. 00-3917, 2001 WL 861678, at *1 (6th Cir. June 30, 2001).

The allegations of the complaint are insufficient to state a claim against Defendant Chumbly for violating Plaintiff's right to due process in his disciplinary hearing. In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court held that, where a prisoner is charged with a disciplinary offense that may result in loss of good time credit, due process requires (i) written notice of the charges at least twenty-four hours prior to the hearing, *id.* at 563-64; (ii) the opportunity to "call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals," *id.* at 566; and (iii) a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action, *id.* at 564. Moreover, "revocation of good time does not comport with 'the minimum requirements of procedural due process' . . . unless the findings of the prison disciplinary board are supported by some evidence in the record." *Superintendent, Mass. Corr. Instit., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *see also id.* at 455-57. These protections are required only when a liberty interest is at stake. *See, e.g., Sandin*, 515 U.S. at 484, 486-87. "A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *McMillan,* 136 F. App'x at 820 (6th Cir. 2005) (quoting *Sandin,* 515 U.S. at 484).

Plaintiff's allegations against Defendant Chumbly are deficient for several reasons. The complaint sets forth no facts demonstrating that Plaintiff had a liberty interest in the

11

outcome of the disciplinary hearing, such as a loss of sentence credit. Even if there were a liberty interest, there is no allegation that the disciplinary hearing was not conducted in accordance with the procedures required by *Wolff*. Although Plaintiff alleges that he introduced substantial evidence of his innocence, the hearing officer is not required to credit that evidence. The complaint fails to allege that no evidence in support of the write-up was presented to Defendant Chumbly.

Therefore, Plaintiff's complaint is subject to dismissal for failure to state a claim on which relief may be granted, under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. Rhode Island*, 511 F. App'x 4, 5 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 511 F. App'x at 5; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every sua sponte dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a sua sponte dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278,

1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").

The Court cannot conclude that any amendment to Plaintiff's complaint would be futile as a matter of law. Therefore, leave to amend is GRANTED. Any amended complaint must be filed within twenty-eight (28) days after the date of this order.

Plaintiff is advised that an amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleading. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count. If Plaintiff fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE