IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| MICHAEL G. UPSHAW, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| VS. | ) ) | No. 14-2534-JDT-tmp |
| BRENDA JONES, ET AL., | ) ) ) | |
| Defendants. | ) | |

ORDER TO MODIFY THE DOCKET, DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On July 11, 2014, Plaintiff, Michael G. Upshaw, Tennessee Department of Correction ("TDOC") prisoner number 304427, an inmate at the West Tennessee State Penitentiary in Henning, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) In an order issued on July 14, 2014, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Defendants named in Plaintiff's original complaint were former WTSP Warden Brenda Jones, Sergeant Dustin Chumley, and Lieutenant Matthew Hayles. Each Defendant was sued in his or her individual and official capacities. (ECF No. 1 at 1.)[1]

---

[1] The Clerk is directed to modify the docket to correct the spelling of Defendant Chumley's last name, which is found in the exhibits to the amended complaint. (ECF No. 8-1 at 4.)

The Court issued an order on December 5, 2014, that dismissed Plaintiff's complaint for failure to state a claim. (ECF No. 7.) The claims against Defendants in their official capacities were dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2). (*Id.* at 5-6.) The order noted that "[t]he allegations of Plaintiff's complaint are too vague to plausibly suggest an entitlement to relief" (*id.* at 6), that Defendant Jones cannot be held liable as a supervisor (*id.* at 6-7), that Defendant Hayles cannot be held liable for issuance of a false disciplinary charge (*id.* at 7-9) or for failing to make a sufficient investigation before issuing the write-up (*id.* at 9), that Plaintiff's rights were not violated when he was assigned to segregation pending a hearing on the disciplinary charge (*id.* at 10-11), and that the complaint did not adequately allege that Defendant Chumley had violated Plaintiff's due process rights at his disciplinary hearing (*id.* at 11-12). The Court granted Plaintiff leave to file an amended complaint that cured the defects in his claims and directed that any amendment must be filed within twenty-eight days. (*Id.* at 13.)

Plaintiff filed his amended complaint, which was titled "Petition to Amend Complaint Under 42 USC § 1983," on December 24, 2014. (ECF No. 8.)[2] The amended complaint is brought against Defendants Jones, Chumley and Hayles in their individual capacities. (*Id.* at 1.) The amended complaint alleges that, while Plaintiff was eating breakfast in the chow hall on December 19, 2013, he noticed officers running toward housing Unit 9. (*Id.*)

---

[2] Although Plaintiff called his document a "Petition to Amend," the Court's order had specifically granted leave to file an amended complaint. It was unnecessary to again seek leave to amend.

Defendant Hayles "arbitrarily and capriciously seized Plaintiff of his liberty and placed him in solitary confinement pending investigation." (*Id.*) After the initial seven-day investigation period had elapsed, Defendant Chumley, with the permission of Defendant Jones, granted a seven-day extension. A second extension of time was granted, extending the investigation period to January 9, 2014. (*Id.*) As a result of the investigation, Plaintiff was charged with "assault and group threat." (*Id.*)

The disciplinary hearing was held on January 26, 2014, fourteen days after the investigation had completed. (*Id.* at 2.) For reasons that are not clear, Plaintiff claims that Defendant Jones is responsible for the timing of the disciplinary hearing. (*See id.*) The complaint also alleges that "no evidence was presented at the disciplinary hearing to suggest Plaintiff conspired, or participated in the alleged assault or group threat. No evidence exist [sic] or was presented during the hearing to place the Plaintiff on the scene of the alleged assault." (*Id.*) Plaintiff claims that he "produced notarized statements under oath from the inmate involved in the assault and group threat, indicating Plaintiff was not involved in the incident." (*Id.*)

Plaintiff was subsequently convicted of two Class A disciplinary offenses. He was sentenced to serve a total of forty days in punitive segregation, assessed a fine of $4.00 per write-up, lost forty-eight days of good time credit, lost his job assignment and was subject to a pay reduction, and lost the opportunity for visits from his family members over the holidays. Plaintiff also did not have access to a Christmas package that contained perishable items that spoiled while he was in segregation. (*Id.*) Because he lost his minimum security

3

designation, Plaintiff suffered "a continued loss of an additional six (6) days from March 2014 to date totaling an additional sixty (60) days good time credits." (*Id.* at 3-4.)

Plaintiff asks that each Defendant be reprimanded and that the reprimand be recorded in his or her personnel file, that he be awarded $600 for pain and suffering against each defendant, and that he be awarded $250 in punitive damages. (*Id.* at 2, 3, 4.) Plaintiff also asks that the disciplinary charge be dismissed, that he be reinstated to his prison job at the recycling plant, that his minimum security custody classification be restored, and that one hundred eight days of good time credit be awarded. (*Id.* at 2, 3, 4.)

Attached to the amended complaint is an incident report by Defendant Hayles, dated December 26, 2013, which states:

> AFTER AN ONGOING INVESTIGATION INTO AN INCIDENT THAT OCCURRED ON 12/19/2013 IN UNIT 11 THE FOLLOWING INMATES DID ACT IN CONCERT OF THE STG GANGSTER DISCIPLES IN AN ASSAULT. THEREFORE THEY ARE BEING CHARGED WITH PGA MICHAEL UPSHAW #304427, JOHN BURKS #397521, PHILLIPE HENDERSON #428397 AND JAVAR ROSS #422429. EVIDENCE WILL BE PRESENT [sic] AT DISCIPLINARY BOARD.

(ECF No. 8-1 at 1.) The incident involved an assault in which the only weapons used were fists. The victim, Waymon Russell, TDOC prisoner number 124919, suffered only minor injuries. (*Id.* at 2-3.) The report states that "CONFIDENTIAL INFORMATION WILL BE PRESENT [sic] AT DBOARD." (*Id.* at 3.)

Also attached to the amended complaint is a report of the disciplinary hearing detail, dated January 31, 2014. It states, "INMATE FOUND GUILTY BY THE BOARD BASED ON THE EVIDENCE PRESENTED ATH [sic] THE GEARING [sic] AND REPORTING

OFFICIALS TESTIMONY." (*Id.* at 4.) The amended complaint does not state whether Plaintiff appealed his disciplinary conviction to the warden and, if unsuccessful, to the TDOC Commissioner. (*See* TDOC Admin. Policies and Procedures, Uniform Disciplinary Procedures, Index # 502.01, ¶ VI.M (appeal procedures for TDOC institutions).)

Plaintiff has also submitted statements signed by nine inmates asserting that they observed Plaintiff eating breakfast in the dining hall at approximately 7:20 a.m. on December 19, 2013. (ECF No. 8-1 at 5-6.)

The standards for assessing the claims in an inmate's complaint were stated in the previous order. (ECF No. 7 at 2-4.) Even if Plaintiff were to prevail in this action, the Court could not order that his disciplinary conviction be vacated or his good-time credit restored. When a prisoner seeks to challenge the validity or duration of his confinement, his sole remedy is a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."). An inmate may not bring a § 1983 action to obtain restoration of good-time credits. *Preiser,* 411 U.S. at 476-77, 500. The only potential relief available to Plaintiff is money damages.

For the reasons stated in prior order of dismissal, Plaintiff has no claim against Defendant Hayles for issuing him a disciplinary write-up and placing him in segregation. (ECF No. 7 at 8-11.) Although Plaintiff cites the unpublished decision in *Person v. Campbell,* No. 98-5638, 1999 WL 454819 (6th Cir. June 21, 1999), for the proposition that

"the false accusation of misconduct filed against him constitute[s] a deprivation of his constitutional rights because the charges were not adjudicated in a fair hearing" (ECF No. 8 at 4), the case provides no support for Plaintiff's position. In *Person,* the prisoner claimed that a false disciplinary charge had been filed against him and that his right to due process in the disciplinary hearing had been violated. 1999 WL 454819, at *1. The Court of Appeals affirmed the *sua sponte* dismissal of the complaint as frivolous, reasoning as follows:

> Person's complaint failed to allege due process violations for several reasons. First, the filing of false disciplinary charges against an inmate does not constitute a constitutional violation redressable under § 1983. *See Riley v. Church*, Nos. 95-1192, 95-1193, 1996 WL 145846 (6th Cir. Mar. 29, 1996) (unpublished order). Second, a claim for monetary and equitable relief complaining only of procedural defects in a prison disciplinary hearing which, if established, would imply the invalidity of the punishment imposed, is not cognizable under § 1983. *See Edwards v. Balisok*, 520 U.S. 641, 648-49 (1997). Third, an inmate has no liberty interest in remaining free of disciplinary or administrative segregation, as such segregation does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir.), *cert. denied*, 118 S. Ct. 136 (1997).

*Id.* Plaintiff's claims against Defendant Hayles for issuing a false disciplinary write-up and assigning Plaintiff to segregation pending a hearing are meritless for the reasons stated in *Person*. Any deficiency in the procedures used at the disciplinary hearing might give rise to a due process claim against Defendant Chumley, the hearing officer, but would not resurrect the claim against Defendant Hayles for issuance of the write-up.

Defendants Hayles is sued on the theory that the extensions of time to complete the investigation violated TDOC "Disciplinary Rule and Procedures." (ECF No. 8 at 1.)

Defendant Jones is also sued for approving the extensions. (*Id.* at 2.) This aspect of the amended complaint is based on a purported violation of TDOC's Uniform Disciplinary Procedures. However, alleged violations of TDOC policy are not actionable under § 1983. *See Storm v. Swiger*, No. 4:07 CV 2387, 2007 WL 3171491, at *3 (N.D. Ohio Oct. 29, 2007) (citing *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995)).[3]

Plaintiff alleges that the multiple continuances before his disciplinary hearing were not authorized by *Wolff v. McDonnell,* 418 U.S. 539 (1974). (ECF No. 8 at 2, 4.) Plaintiff is mistaken. In *Wolff*, the Supreme Court held that, where a prisoner is charged with a disciplinary offense that may result in loss of good time credit, due process requires (i) written notice of the charges at least twenty-four hours prior to the hearing, 418 U.S. at 563-64; (ii) the opportunity to "call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals," *id.* at 566; and (iii) a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action, *id.* at 564. *Wolff* says nothing about the granting of continuances to investigate an incident. *See Guile v. Ball,* 521 F. App'x 542, 544 (6th Cir. 2013) (inmate's due process rights were protected where he "received notice, presented evidence, and had the ability to call witnesses"); *see also Thompson v.*

---

[3] In *Levine*, 986 F.2d at 1515, a habeas case, the Court of Appeals stated that "[a] state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable."

*Stapleton,* 403 F. App'x 986, 987 (6th Cir. 2010) ("[T]he minimal due-process rights afforded a prisoner in disciplinary hearings do not include access to interrogatory responses. Moreover, Thompson-Bey had no right to confront or cross-examine witnesses and was not even entitled to a hearing investigator." (citations omitted)).

Although Plaintiff does not challenge the procedures used at the disciplinary hearing, he avers that the decision was not supported by any evidence. (ECF No. 8 at 2.) This aspect of the amended complaint is a challenge to the validity of the disciplinary conviction itself, rather than to the procedures used at the hearing. Plaintiff cannot bring a § 1983 suit challenging the absence of evidence to support his conviction unless the disciplinary conviction is first overturned, vacated or reversed. *Muhammad,* 540 U.S. at 750-51; *Edwards v. Balisok,* 520 U.S. 641, 648 (1997) ("We conclude, therefore, that respondent's claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983."); *Williams v. Wilkinson,* 51 F. App'x 553, 557-58 (6th Cir. 2002).

Therefore, the Court DISMISSES Plaintiff's amended complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal

is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike"

shall take effect when judgment is entered. *Coleman v. Tollefson*, 733 F.3d 175, 177-78 (6th Cir. 2013), *cert. granted,* 82 U.S.L.W. 3675 (U.S. Oct. 2, 2014) (Nos. 13-1333, 13A985).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                s/ **James D. Todd**
                                                JAMES D. TODD
                                                UNITED STATES DISTRICT JUDGE