IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL G. UPSHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-2534-JDT-tmp |
| | ) | |
| BRENDA JONES, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING MOTION TO RECONSIDER

The *pro se* Plaintiff, Michael G. Upshaw, Tennessee Department of Correction ("TDOC") prisoner number 304427, who is incarcerated at the West Tennessee State Penitentiary in Henning, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court subsequently granted leave to proceed *in forma pauperis* and assessed the civil filing fee in accordance with 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) On December 5, 2014, the Court dismissed Plaintiff's complaint for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (ECF No. 7.) The Court found, *inter alia*, that Defendant Jones could not be held liable as a supervisor (*id.* at 6-7), that Defendant Hayles could not be held liable for issuing a false disciplinary charge (*id.* at 7-9) or for failing to make a sufficient investigation before issuing the write-up (*id.* at 9), that Plaintiff's rights were not violated when he was assigned to segregation pending a hearing on the disciplinary charge (*id.* at 10-11), and that

the complaint did not adequately allege Defendant Chumley had violated Plaintiff's procedural due process rights at his disciplinary hearing (*id.* at 11-12). However, the Court granted Plaintiff leave to file, within twenty-eight days, an amended complaint that cured the defects in his claims. (*Id.* at 13.)

Plaintiff filed a timely amended complaint on December 24, 2014. (ECF No. 8.) On January 26, 2015, the Court issued an order also dismissing the amendment for failure to state a claim. (ECF No. 9.) The Court found that Plaintiff still had no claim against Defendant Hayles for issuing him a disciplinary write-up and placing him in segregation or for failing to comply with TDOC policies and procedures. (*Id.* at 5-7.) The Court further found that the multiple continuances of Plaintiff's disciplinary hearing did not violate procedural due process (*id.* at 7-8) and that he could not challenge the validity of the disciplinary conviction because the conviction had not been overturned, vacated, or reversed (*id.* at 8). Judgment was entered on January 28, 2015. (ECF No. 11.)

On February 24, 2015, Plaintiff filed a motion to reconsider which is, in effect, a request for leave to file a second amended complaint. (ECF No. 12.) The Court construes Plaintiff's motion as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure and/or a motion for relief from judgment under Rule 60(b).

The purpose of Rule 59(e) is to allow a district court to correct its own mistakes. *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). It "is not intended to relitigate matters already decided by the Court." *Windsor v. A Federal Executive Agency*, 614 F. Supp. 1255, 1264 (M.D. Tenn. 1983), *aff'd*, 767 F.2d 923 (6th Cir. 1985). A court

may alter or amend its judgment because of an intervening change in the controlling law, newly discovered evidence, or to correct a clear error of law or prevent a manifest injustice. *Franklin v. Francis*, 36 F. Supp.2d 1008, 1010 (S.D. Ohio 1999) (citing *Petition of U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir.1973)). The granting of a motion under Rule 59(e) is within the sound discretion of the district court. *McMahon v. Libbey-Owens-Ford Co.*, 870 F.2d 1073, 1078 (6th Cir. 1989).

Under Rule 60(b) "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons":

    (1)    mistake, inadvertence, surprise, or excusable neglect;
    (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3)    fraud . . . , misrepresentation, or misconduct by an opposing party;
    (4)    the judgment is void;
    (5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6)    any other reason that justifies relief.

"Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). For that reason, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Sataym Computer Servs., Ltd. v. Venture Global Eng'g, LLC*, 323 F. App'x 421, 427 (6th Cir. 2009) (quoting *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)).

Legal errors fall within the definition of "mistake" under Rule 60(b)(1). *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000). However, Rule 60(b) is not intended to allow relief from judgment merely because Plaintiff is unhappy with the outcome. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

The Court is unpersuaded that any type of relief from the judgment would be appropriate in this case. Plaintiff does not actually argue that the Court's legal reasoning or interpretation of his factual allegations was erroneous. Instead, he merely seeks to allege additional facts in another attempt to cure the deficiencies in the complaint and amended complaint that were identified in the Court's prior orders. However, Plaintiff was given ample opportunity to amend his complaint, and the Court declines to set aside the judgment to allow him another opportunity to do so. Therefore, the motion to reconsider is DENIED

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE